Good afternoon, may it please the court. My name is Aubrey McClure-Campbell, appearing on behalf of the petitioner Noe Calixto Blas. I would like to reserve two minutes for rebuttal, please. This is a case in which the due process rights of a 23-year-old, father of two, who was fleeing threats of violence by armed men from a dangerous cartel, were violated by an immigration judge who interfered with his right to counsel and deprived him of a full and fair hearing. First, the immigration judge interfered with Mr. Calixto Blas' right to counsel, a violation of his due process rights. To put this simply, the violation of his due process rights was that Mr. Calixto Blas wanted counsel and he was refused counsel, when the immigration judge denied his request for a continuance to secure both additional evidence and counsel. The standard of review in this situation is de novo for the due process violation. Counsel, why did the IJ, and here's the question I'm going to ask the government, so let me put it to you. Let's suppose that Mr. Blas had come in and said, my wife got counsel yesterday and the lawyer can't appear, may I have a continuance? And let's suppose that I think that that might have been an abuse of the IJ's discretion to deny that request for a continuance. When Mr. Blas can't tell him that there have been any concrete efforts to get counsel, where's the abuse of discretion? I think that the issue is, it really lies in where Mr. Calixto Blas was. He was in a detention center and communication is very challenging. It's not easy to... The IJ was just obligated to give anybody who's in a detention center additional time. He'd had a couple of months at that point. Oh, excuse me. In this case, Mr. Calixto Blas had already demonstrated that he was a diligent respondent. He had prepared and filed his application for asylum at the first hearing. He had filed evidence. But if he can't provide any context for the IJ, and that is, he hasn't said anything to the IJ. He hasn't said, I've made 20 phone calls and I can't get people to return it, or the phone in the detention center doesn't work, I can't even call anybody. Or I've got somebody who's calling me back tomorrow. I hope to retain him. But if he can't say that, it appears to be nothing but open-ended. He's had two months to do this. So where's the abuse of discretion on the part of the IJ? Completely different from whether this would have been an abuse had the IJ known the true facts, which he did not. I think, once again, Your Honor, it really is just a challenge of Mr. Calixto Blas not having those concrete answers, and maybe even not having those specific questions posed to him. It seems, from the record, that the immigration judge was exasperated with Mr. Respondent. What is the rule that you want this court to adopt? And let's assume it's going to be a rule that's going to get applied to lots of other clients as well as Mr. Blas. What's the rule? I know that this standard is good cause, right? It has to be shown for an immigration judge to grant this continuance and to not have abused his discretion in deciding this request for continuance. I think that that is the standard that should remain, but I think that the immigration judge failed to take into account the circumstances that Mr. Blas was... What is the IJ supposed to take into account? That he was in detention? That he was in detention. So it's the rule that you're asking us to adopt that an IJ cannot deny a continuance for somebody who's been in detention for 60 days. Is that the rule? That is not the rule that I'm asking you. But that seems to be just about the bare bones for your case, doesn't it? I mean, if you abandon any of those qualifiers in there, I don't see how your client... I don't see how he prevails. So what is the rule that you want us to adopt? I think that he demonstrated that he's diligent. The respondent came prepared to the first hearing. He had filed documents. If somebody has made some effort to obtain documents, but hasn't obtained counsel, we have to give them a continuance to obtain counsel? No, Your Honor. Once again, in this particular circumstance, I believe that good cause was shown. He had demonstrated his diligence. And I think that that's something that should have really been taken into account and seems to have been disregarded. And the conversation was cut short by the immigration judge. And there wasn't really an explanation of why it is that he didn't want to allow Mr. Clixoblast this time. He didn't ask him for... The immigration judge didn't ask what this additional evidence was that he was trying to get assistance from an attorney. There were so many questions that were left unanswered and unasked. And so that I think is really what happened. And that was the due process violation. Counsel, what reason other than the passage of time did the immigration judge give for denying the continuance? I believe that was the only reason. And it was an incomplete reason. I believe he even stopped mid-sentence while he was explaining why it is that he was denying the motion to continue. He says something... I believe that he said something about it's been two months and then he denied the request for continuance and then proceeded to go forward despite there not being a valid waiver of counsel at the prior hearing either. Did you want to save your remaining time for rebuttal? I didn't. If I may continue. Okay. Once again, going back to that, there wasn't a waiver of the right to counsel at the first hearing. The immigration judge asked him if he wanted to speak today or if he wanted to get help with his case. And there was confusion there. He believed that if he said he wanted to speak today that he would be able to speak and that wasn't a waiver. And the immigration judge believed that it was a waiver. This merits hearing was the only time that Mr. Calista-Bloss had to ask for more time this was the only opportunity. There wasn't any mechanism for him to ask for a continuance that he knew of. So he did what he could to present at the very beginning of the hearing his request for more time for additional evidence and for counsel. And it seems as though he was actually faulted by the immigration judge for being diligent. The immigration judge said he submitted documents so he didn't understand why he wasn't ready. This myopic insistence upon expeditiousness when the petitioner had asked for more time for very reasonable reasons cannot justify his denial of a meritorious request for a delay. And addressing this in the due process context this was a denial of the right to counsel. And the government asserted in its brief that simply establishing an error is generally insufficient and they're right except for in a situation like this where at a merits hearing where an individual is denied the right to counsel that the prejudice is presumed where there isn't a valid waiver. In regards to the denial of a full and fair hearing which is the second point the immigration judge failed to scrupulously and conscientiously develop the record by failing to explain what Mr. Calista-Bloss must prove for his basis for relief and failed to probe into the relevant facts of the case. I think importantly there isn't even a cursory explanation of what asylum is. Counsel he asked a number of questions about trying to get the timeline down as to who was kidnapped when and you had two different groups involved here. So I mean the IJ did ask a number of questions. Your client had had some harrowing experiences in Mexico. He did ask questions about those harrowing experiences but unfortunately he didn't ask the right questions about the... What questions should he have asked? I would point to that last exchange on AR-169 where the respondent was where Mr. Calista-Bloss was talking about the actual incident that precipitated his flight. Bad things that happened to Mr. Calista-Bloss in his life and those didn't make him come to the United States. It was the incident that happened on February 16, 2018 that precipitated his flight and when Mr. Calista-Bloss was trying to explain the situation the immigration judge kind of skated over it. He said in his testimony that armed men came to threaten him and the immigration judge didn't ask when this happened, why this happened, who these people were, who was there, what witnesses were there because he just didn't probe into the facts of the case This would be essential to proving his claim for asylum on past persecution but the immigration judge simply failed to probe into these facts and this court can infer prejudice in the absence because the immigration judge didn't adequately explain what Mr. Calista-Bloss needed to prove to demonstrate his eligibility for relief and had he been provided the opportunity he would have and I'd like to reserve my remaining time for rebuttal. Thank you counsel. We'll hear from the government. May it please the court. My name is James Hurley for the Attorney General. This petition for review should be denied in part and dismissed in part. It should be denied because the agency did not abuse its discretion or violate due process when it denied Calista-Bloss's request for continuance. Second, this court should dismiss any challenge to the denial of his applications for relief from protection or relief from removal because he did not exhaust his challenge to the board and he further waives those issues by not raising it in his opening brief. With respect to the due process issue, the agency did not abuse its discretion or violate due process in this case. Due process requires that the applicant have a meaningful right to be heard at a meaningful time and manner and that the proceedings be Let me put the question to you. I promised opposing counsel I'd put to you. Had Bloss come in and said, I talked to my wife yesterday. She's got counsel who cannot appear today. He told me to ask you for a continuance. Would it have been an abuse of discretion for the IJ to have denied a continuance under those circumstances? That would be a completely different case. That's why I told you it was a hypothetical counsel. Yes, it would be. I think in that case where there was an explanation. Okay, so what do we do given that in hindsight, we now know what the true facts were and that you have an inexperienced party who's trying to be diligent, has not explained it well, but he did come up with a very, very legal term that it's unlikely that an immigrant from Southern Mexico would use. Use the word continuance. And that's the way it gets translated in the transcript. So there was something going on there because he uses this term, but he may or may not know what it means. And the true facts are he's actually been diligent trying to get counsel. He just hasn't explained it well. What do we do now? Well, I think you have to look at the totality of the circumstances. If you go back to the April 4th preliminary hearing, that was a valid waiver of his right to counsel. The immigration judge in the beginning explained the process, explained what was going to happen. And she said, you have the right to have an attorney. She even mentioned the Northwest immigrant rights group that could represent him. And he said, she asked him if you wanted an attorney or do you want to speak for yourself? And he said, not only did he say, I'll speak for myself, but he came with an application, an asylum application in his hand. Did the immigration judge rely on that past history when making the ruling? The immigration judge didn't explicitly say that, but I think you have to look at the fact that the first immigration judge said, I'm going to mark for the record that you waived your right to a counsel. And he says, he's got a waiver for all time. I think it would be, in this case, it is, I think. And if you, once you waive a right to counsel at one hearing that carries through to all subsequent hearings, what case says that? I don't have a case that says that, but I think you have to look at this case, the facts of this case. And if you look at what judge Spivey said about what happened at the next hearing after two months, where he didn't have an excuse, he just said, my family's dealing with that. He said, I didn't deal with it. He just, he showed up without an attorney. And this is after his application had been filed. He submitted evidence that was not translated. He submitted a letter from his uncle Gregario that was dated in April. So it showed that he was working on the case. So everything, all the signs, if you look at the totality of circumstances, all the signs reporting to the immigration judge that he was ready to proceed. The totality of circumstances that were considered by the immigration judge, the immigration judge merely said it's been two months. That's the difficulty I'm having because if we accept that premise, then the flip side of the question that judge Spivey asked petitioners counsel is whether or not it's always within the discretion to deny a continuous based on the mere passage of time. Well, it's, I would say it wasn't just that though. I think the fact that, you know, he had submitted the application two months before he was detained. So they wanted to, you know, proceed with the case. They didn't want to unnecessarily delay the case. And I think it would be a different case if he had said, hey, my wife just called an attorney. I guess this hearing happened on a Friday. Like they, after the fact, the attorney said, oh, they called me the night before and I just wasn't ready. But none of that was known to the immigration judge. He had in all fairness, the immigration judge cut off the discussion as well without doing any individualized exploration regarding the circumstances of the case. But for one, the immigration judge knew didn't that the petitioner was in one state and his family was in a different state. Should that have made a difference? Well, I think that again, the fact that he stressed the two months and that he, you know, Mr. Klexerblos didn't say that I've been having problems talking to my wife. All he said was they're handling finding the attorney. You know, and the immigration judge's point blank asked him, he said, you know, what's your explanation? He didn't have one. He didn't have anything. He didn't say any of the stuff that was submitted on the appeal, whether his attorney filed a letter saying, oh, you know, she contacted me the night before. None of that stuff was known. In all fairness, the immigration judge didn't do any explanation either. Just said it's been two months. And if the immigration judge had said you filed this prior, you filed the application, you've already waived your right to attorney. You haven't told us precisely what your family's doing. Then perhaps he would have explicated a little more. So you can't say that he didn't say anything more, but allow the immigration judge not to say anything more. There was a value to communicate on both sides. Who bears the burden? Who bears the brunt of that? If that happens. But the immigration judge also asked DHS counsel what they thought and allowed them to, you know, voice their opinion on that too. So I think just the fact that what was in front of the immigration judge on June 6, 2018 was an application that was already filed two months before. It was a detained alien. Point blank, he asked him, you know, why do you want to continue attorney? What have you done? Which is a very important right. That's true. And that's, and as we pointed out in the brief, the advisory attorney was provided to Mr. Calypso-Blas on three occasions. When he first got to San Ysidro, he was given a sheet that said, okay, you're claiming fear of returning to Mexico. Here's a list of attorneys. During the credible fear interview on March 22, 2018, again, they said, hey, you know, you can have an attorney if you want to do this. And Mr. Calypso-Blas said, I'll go ahead for the credible fear interview on March 22. And then the same thing happened on April 4th, where point blank, the immigration judge asked, do you want more time to get an attorney? He said, no, not only, and then they recorded that he was waiving it. And then he said, not only that, here's my asylum application. I'm going to sign it in front of you. I'm ready to go. What if the light bulb finally went on? I need an attorney for this. I can't do this myself. So simply because the two months have passed, that means that any opportunity to get a continuous to get an attorney has passed by irrevocably. I don't think it's a matter of set time. I think it's whether or not he was allowed. It's the due process, whether or not it was fundamentally fair, whether or not he had a chance to present his case. He did. After the fact, explanations weren't there for the immigration judge at that time. There wasn't much exploration with him regarding why he needed more time. Oftentimes, we see where the immigration judge asks, how long will it take you to get an attorney? Where are you in the process so that you have a more fully informed decision? That's the difficulty I'm having here is that it doesn't appear as if that exploration was undertaken in this case. I think that's that raises or that points to the big issue of prejudice where he didn't establish that the outcome would be different anyway. As the board noted, prejudice if there's deprivation of counsel. But again, at the time, I guess you just have to focus on the fact of what the totality of the circumstances on the date of June 6th, where the immigration judge asked him, he said, what's your explanation? He didn't have one. And it would be completely different if what his wife had said or what his attorney had said was known to the immigration judge. And the immigration judge just didn't know that. But just on the prejudice issue too, I think you need to look at the facts of what he did submit on his appeal to the board where he didn't translate the material that he had presented. And then the material he did present didn't change the outcome of the case. The immigration judge did a good job of asking him about what happened in Mexico and flushing out his story. But what he submitted never addressed the nexus issue and never addressed the reasons why the immigration judge denied asylum in the first place. And I would like to point out just one thing about the Hussein case. I noticed that the 28-J today that was filed by a person counsel, I myself was going to file a 28-J about that case as well. And I would disagree about what that case means for this case. I think that shows what the IJ's immigration judge's responsibility is for developing the record. And I think in this case, if you look at the probing questions he asked Mr. Clixo Blas about each chapter of his life, what happened in Guerrero, what happened in Mexico City State, what happened in Mexico City, shows that he did a good job of kind of flushing out his claim. All right. Thank you, counsel. We'll give you a minute, counsel. Thank you very much, your honor. I think that government counsel's right. We should look at the totality of the circumstances when looking at whether Mr. Clixo Blas was deprived of counsel. And I think it's very clear that he was. I think that to point to the fact that Mr. Clixo Blas had a prepared form and was seeking evidence to show that he didn't need an attorney or didn't want an attorney or had waived his right to attorney is completely missing the point. Mr. Clixo Blas during those two months was working on his case and at that point realized that this was more complicated perhaps than he had understood at the outset. And at that point realized that he needed counsel and expressed that need at his first available opportunity. He was separated from his family and they also needed counsel. They're also in proceedings. So it was a complicated process. Just addressing Hussein very briefly. You know, government counsel says that it shows, you know, the immigration judge's responsibility in asking these probing questions. And I would, you know, argue that sure, the immigration judge asked probing questions on some of the important incidents in his life, but fell short when it came to the most important incident, the one that precipitated his flight from Mexico with his whole family to the United States. And that's where the immigration judge fell short. And I would ask that this case be remanded for a full and fair hearing where these facts can be demonstrated to the immigration judge. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Tashima, Rawlinson, Bybee